OPINION OF THE COURT
PER CURIAM.
Michael Eugene Hodge, a federal prisoner formerly housed at the Federal Correctional Institution at Allenwood, Pennsylvania (“FCI-Allenwood”), appeals from *266 the order of the United States District Court for the Middle District of Pennsylvania dismissing his complaint brought pursuant to Bivens[1] and the Federal Tort Claims Act (“FTCA”),[2] alleging sub-standard medical treatment of his advanced Hepatitis-C condition. Because we conclude that no substantial question is presented on appeal, we will summarily affirm. See LAR 27.4 and I.O.P. 10.6.
Within the first six months of his arrival at FCI-Allenwood in December 2004, Hodge’s hepatitis profile lab test, consultation with a liver specialist (Doctor Som-mers), and liver biopsy all confirmed that he has the Hepatitis-C virus (“HCV”), which was staged at that time as Grade IV, Stage IV, with cirrhosis of the liver. The clinic began administering interferon therapy to Hodge in October 2005. Hodge was seen routinely every four to six weeks during his treatment and sometimes more frequently on an as needed basis. From December 2005 through September 2006, Hodge’s interferon dosages were either decreased or stopped altogether for periods of time in order to allow his white blood cell count to increase. In October 2006, when it appeared that he was not responding to interferon treatment, the Defendants referred him to a liver specialist, Dr. Allen Wang, who recommended that Hodge stop the interferon therapy and start an FDA approved clinical experimental trial of a new anti-viral medication, along with a special diet consisting of three small meals and three snacks a day. Pursuant to the advice of the Regional Medical Consultant, inmate participation in experimental medication trials was not available through the BOP. Hodge was also denied a special diet.[3] Thereafter, the Defendants discontinued interferon therapy but continued to monitor Hodge’s HCV condition until he was transferred to another facility on April 16, 2007.
Hodge filed his original complaint in 2006, followed by two amended complaints, the last of which was filed in February 2007. The District Court dismissed sua sponte, for lack of venue, claims arising out of Hodge’s medical care while he was in pre-trial detention. (See D. Ct. Op. (Aug. 31, 2007), at 7-10.) The District Court dismissed sua sponte for failure to state a claim, all claims against former United States Attorneys General Ashcroft and Gonzales, the Director of USMS, the Director, Regional Director, and National Administrator of the Bureau of Prisons (“BOP”), and the Warden at FCI Allen-wood, because the Second Amended Complaint (hereafter “Complaint”) lacked any allegation from which a factfinder could conclude that these Defendants were personally involved in Hodge’s medical care at FCI-Allenwood. (Id. at 11-13.) The District Court also dismissed Hodge’s Bivens claims against Defendant Inch, holding that the FTCA was the exclusive remedy for claims against her as a Public Health Service employee. (Id. at 10-11.)
That left the Bivens action against Doctors Vermiere, Okunday, Pigos and Brady, and Administrator Laino, and the FTCA *267 action against the United States. Hodge alleged medical malpractice under the FTCA, violations under Bivens of his rights under the Equal Protection Clause and the Eighth Amendment, and a conspiracy among the Defendants to violate his constitutional rights. In addition to damages, he sought a transfer to another facility and an order compelling the BOP to treat his condition with “any and all FDA approved medications, use any effective dietary program and comply with effective AMA standards of care without budgetary restraints.”
The Defendants filed a joint motion to dismiss or, alternatively, for summary judgment to which Hodge responded. In separate Reports issued in September 2008, and January and March 2009, the Magistrate Judge recommended that Hodge’s motions be denied and that the Defendants’ motion to dismiss or for summary judgment be granted and the Complaint dismissed. By orders entered on October 27, 2008, and August 31, 2009, the District Court adopted the Magistrate Judge’s September 2008 and January 2009 Reports in full and the March 2009 Report in part, overruled Hodge’s objections, entered judgment in the Defendants’ favor, and dismissed the case. Hodge filed this timely appeal.[4]
We agree with the District Court’s dismissal of Hodge’s FTCA claim because he failed to file a certificate of merit (“COM”) required to state a medical negligence claim under the FTCA. (See D. Ct. Op. (Aug. 31, 2009), at 12-14.) In assessing a claim under the FTCA, we apply the law of the state in which the act or omission occurred. See Gould Elecs. Inc. v. United States, 220 F.3d 169, 179 (3d Cir.2000). Hodge had proffered photocopied pages from a chapter on HCV in a publication authored by Melissa Palmer, M.D., a national expert on chronic liver disease. Although he was given an opportunity to file a compliant COM, Hodge failed to do so. As the District Court correctly determined, absent any applicable exceptions to filing a COM under Pennsylvania law, Hodge’s FTCA claim failed as a matter of law. (Id. at 13-14.)
Turning to Hodge’s Bivens claims, we conclude that the District Court properly granted summary judgment for the Defendants. Celotex Corp. v. Catrett, 477 U.S. 317, 322-23, 106 S.Ct. 2648, 91 L.Ed.2d 265 (1986). In order to prevail on his Eighth Amendment claim, Hodge must show that the Defendant healthcare providers were deliberately indifferent to his serious medical need. See Estelle v. Gamble, 429 U.S. 97, 104, 97 S.Ct. 285, 50 L.Ed.2d 251 (1976). Deliberate indifference requires a sufficiently culpable state of mind, such as “reckless[ ] disregard[ ]” to a substantial risk of serious harm to a prisoner. See Farmer v. Brennan, 511 U.S. 825, 834, 836, 114 S.Ct. 1970, 128 L.Ed.2d 811 (1994).
We conclude that Hodge has not been deprived of medical care for his HCV at FCI-Allenwood. The medical record shows that Hodge was treated with interferon, his response to which was routinely monitored, and he was seen regularly at the clinic for complications as they arose. When the treatment failed, the prison approved his visit to Doctor Wang, a liver specialist, for consultation. (Magistrate Judge’s Report (Mar. 6, 2009), at 25-28.) Although Hodge maintains that the Defendants should have prescribed “Granulo-cyte-Colony stimulating factor” medication to treat his low white blood cell count while he continued on interferon therapy, there is no competent record evidence to *268 support his claim. Notably, Doctor Wang did not recommend the medication. As for the prison’s decision not to follow Doctor Wang’s clinical drug trial and special diet recommendations, as the District Court correctly noted, disagreements between Hodge and his physicians, or among physicians, concerning the course of medical treatment for advanced HCV with cirrhosis do not support a claim for a violation of the Eighth Amendment. Monmouth County Corr. Institutional Inmates v. Lanzaro, 834 F.2d 326, 346 (3d Cir.1987).[5]
The District Court also properly entered judgment in favor of the Defendants on Hodge’s claim of a conspiracy under Bivens. Hodge based his civil conspiracy claim upon the conclusory allegation, unsupported by any evidence, that two or more of the Defendants “reached an agreement to deprive him or her of a constitutional right under color of law.” Parkway Garage, Inc. v. City of Philadelphia, 5 F.3d 685, 700 (3d Cir.1993). Without more, Hodge’s bare allegation of an agreement is insufficient for a reasonable juror to conclude that the Defendants engaged in a conspiracy to violate his constitutional rights. See Abbott v. Latshaw, 164 F.3d 141, 148 (3d Cir.1998).
As for his equal protection claim, we conclude that Hodge failed to identify any similarly situated inmate whose advanced stage HCV was treated differently by the BOP. See Chambers ex rel. Chambers v. Sch. Dist. of Phila. Bd. of Educ., 587 F.3d 176, 196 (3d Cir.2009) (stating that, to bring a successful equal protection claim, plaintiffs must prove, among other things, that “they received different treatment from that received by other individuals similarly situated”). Therefore, the District Court properly granted summary judgment on this claim.[6]
The District Court properly denied Hodge’s motion to amend his complaint as futile because the proposed amendment (adding the federal marshal who allegedly delayed service of the Complaint) did not go to the merits of Hodge’s claims under Bivens or the FTCA. (See D. Ct. Order (Oct. 27, 2008).) The District Court also properly denied Hodge’s motion for a government funded medical expert because the court lacked authority to grant the request. See Boring v. Kozakiewicz, 833 F.2d 468, 474 (3d Cir.1987) (finding no authority for court to pay for indigent plaintiff’s expert witnesses); (D. Ct. Op. at 8-12.) We discern no abuse of discretion in the denial of Hodge’s motion to compel. (Id. at 15-16.) Doctor Sommers did not work at FCI Allenwood and he was not named as a party to the action. Moreover, the Defendants disclosed most of the requested background information or the source for obtaining the information requested. (Report and Recommendation (Mar. 6, 2009), at 8-9.) As the District Court correctly noted, Hodge failed to ex *269 plain how the Defendants’ educational backgrounds and prior work histories were relevant to his claims. We find no error in the District Court’s decision to deny Hodge’s motion to compel.
Accordingly, we will affirm the order of the District Court.

. Bivens v. Six Unknown Named Agents of Fed. Bureau of Narcotics, 403 U.S. 388, 91 S.Ct. 1999, 29 L.Ed.2d 619 (1971).

. 28 U.S.C. §§ 1346 and 2680.

. It appears that Hodge requested a special diet at least twice. In April 2005, he was told that "[y]our present diagnosis does not warrant a diet program.” (See Defendants’ statement of undisputed facts, Exh. 1, attachment 1, at 249.) In May 2005, he was told that "we, by policy, have no special diet for hepatitis.” (Id. at 68.) In November 2005, Hodge requested a nutritional supplement, referred to as a "booster,” which Defendant Inch denied because Hodge’s weight had remained stable for one year and, thus, he did not meet the non-formulary requirements. (Id. at 55.)

. We have jurisdiction over this appeal pursuant to 28 U.S.C. § 1291.

. Hodge's claims for injunctive relief were also properly dismissed. (D.Ct.Op.(Aug.31, 2009) at 18-21.) We express no opinion as to Hodge’s treatment in any federal prison facility in which he was (or is) housed.

. We agree with the District Court's conclusion and reasoning in dismissing Hodge’s monetary claims against the individual Defendants in their official capacities. (D. Ct. Op. at 17-18.) The District Court also properly dismissed the claims against Defendants Ashcroft, Gonzales, McDonough, Lappin, Hogsten, Dodrill and Watts pursuant to 28 U.S.C. § 1915(e)(2), and claims against Defendant Laino at summary judgment, because neither the allegations (as to the seven Defendants), taken as true, nor the undisputed facts (as to Laino), viewed in the light most favorable to Hodge, would lead to a reasonable inference that these Defendants were personally involved in Hodge’s care. See Rode v. Dellarciprete, 845 F.2d 1195, 1207 (3d Cir.1988). (D. Ct. Op. at 21-22).